IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA L. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-05023-WJE |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Christina L. Cook seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–434, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. For the reasons that follow, the Court reverses and remands the decision of the Acting Commissioner for further consideration and development of the record.

### I. Background

Ms. Cook protectively filed a claim for DIB and SSI on March 6, 2020. (AR 28). She alleged an amended disability onset date of May 30, 2019, due to migraines, incontinence, fall risk, sleep apnea, memory loss, posttraumatic stress disorder, acid reflux, asthma, depression, and sciatica. (*Id.* 28, 357). Her claims were initially denied on June 29, 2020. (*Id.* 28). She filed a written request for hearing before an Administrative Law Judge ("ALJ"), which was held on June 22, 2021. (*Id.*).

---

[1] With the consent of the parties, this case was assigned to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

On July 12, 2021, the ALJ denied Ms. Cook's claims. (*Id.* 25-41). The ALJ determined that although Ms. Cook had severe impairments, including degenerative disc disease with radiculopathy, liver disease, status post ha[r]voni treatment, right shoulder tendinitis, asthma, obesity, major depressive disorder, borderline personality disorder, posttraumatic stress disorder, and orthostatic hypotension, none of them met or exceeded a listed impairment. (*Id.* 31-34). The ALJ also determined that Ms. Cook retained the residual functional capacity ("RFC") to perform light work with certain limitations, including:

> she can only: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk up to 6 hours in an 8-hour work day; sit up to 6 hours in an 8-hour work day; occasional exposure to concentrated pulmonary irritants such as fumes, odors, dusts, gases; occasional exposure to excessive humidity, wetness, cold or heat; no exposure to hazards such as heights or moving machinery; ability and concentration on only simple tasks involving routine work-related decisions with simple judgment and only occasional work place changes; occasional contact with the public, co-workers and supervisors; and occasionally reach overhead with the upper right extremity.

(*Id.* 34-35). The ALJ found that although Ms. Cook could not perform her past relevant work, she could perform work as a production assembler, packing header, or blade balancer. (*Id.* 39-40, 146-53).

Following the ALJ's decision, Ms. Cook filed an appeal with the Appeals Council. (*Id.* 322-24). On September 17, 2021, Ms. Cook's counsel submitted additional medical records to the Appeals Council. (*Id.* 10). On January 31, 2022, the Appeals Council denied her request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-4). Because Ms. Cook has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) and 1382c(a) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012).

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Bowers v. Kijakazi*, 40 F.4th 872, 874-75 (8th Cir. 2022).

The reviewing court must find deficiencies that significantly undermine the ALJ's determination to reverse and remand. *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005). The court may reverse the Commissioner's decision only if it falls outside of the available zone of

choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Significant inaccuracies or incomplete analyses in the ALJ's opinion may, however, serve as a basis for reversal. *Draper*, 425 F.3d at 1130 ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.") (quotation omitted).

## IV. Discussion

Ms. Cook raises one issue in her appeal before the Court. She argues that the RFC decision is not supported by substantial evidence because the ALJ failed to reconcile inconsistencies between the RFC and Dr. Robert Cottone's and Dr. Charles W. Watson's medical opinions. (*See* Doc. 8 at 6-14). The Acting Commissioner argues that any inconsistencies constitute harmless error because the RFC adequately incorporates Dr. Cottone's and Dr. Watson's opinions. (*See* Doc. 9 at 5-12). The Court finds that remand is necessary because the ALJ did not address these inconsistencies.

A. *The Appeals Council complied with regulatory procedural requirements.*

The Court must first establish whether the Appeals Council complied with regulatory procedural requirements before proceeding to Ms. Cook's substantive claims because Ms. Cook submitted new evidence to the Appeals Council. *See Williams v. Sullivan*, 905 F.2d 214, 215-16 (8th Cir. 1990) (citing 20 C.F.R. § 404.970). The Appeals Council must consider the additional evidence when it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). The Appeals Council needs only to assert a

proper basis to deny review under 20 C.F.R. § 404.970 to demonstrate that it has considered the new evidence. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992) (finding the Appeals Council properly considered new evidence when it "stated that it had considered [the claimant's] newly submitted evidence, but had concluded that it 'does not warrant a change in the [ALJ's] decision'"). The Appeals Council denied review of the additional records because "[the] evidence [did] not show a reasonable probability that it would [have] change[d] the outcome of the decision" and it "[did] not relate to the period at issue." (AR 2). Those are proper reasons to deny review under 20 C.F.R. § 404.970(a)(5). Therefore, the Appeals Council considered the records in accordance with the regulatory procedural requirements, and the Court considers Ms. Cook's substantive claims. *See Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992) ("If . . . the Appeals Council considers the new evidence but declines to review the case, [the Court] review[s] the ALJ's decision and determine[s] whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision.") (citation omitted).

> B. *After finding the medical opinions persuasive, the ALJ's failure to adopt all of Dr. Cottone's and Dr. Watson's opined limitations in the RFC, or otherwise explain how inconsistencies were resolved, constitutes reversible error.*

"A claimant's RFC is 'the most [she] can still do despite h[er] limitations.'" *Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (quoting 20 C.F.R. § 404.1545(a)(1)). "[T]he RFC determination is a 'medical question,' that 'must be supported by some medical evidence of [the claimant's] ability to function in the workplace.'" *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017)). "[Social Security Ruling 96-8p] requires the ALJ to explain how any material inconsistencies or ambiguities in the evidence were considered and resolved[; i]f the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted." *Masden v. Saul*, No. 4:20-CV-00267-MDH, 2021 WL 3172934, at *2 (W.D. Mo. July 27, 2021) (citing SSR 96-8p, 1996 WL 374184, at *7 (S.S.A.,

July 2, 1996)). If the ALJ fails to do so, this error is not harmless when the Court "'cannot determine whether the ALJ would have reached the same decision denying benefits, even if [s]he had followed the proper procedure.'" *Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) (quoting *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003)).

First, Dr. Watson opined that Ms. Cook "can generally relate appropriately to coworkers and supervisors in small numbers and for short periods of time." (AR 245, 267). Dr. Cottone also opined that Ms. Cook cannot perform work involving "[c]lose proximity to co-workers," "[i]ntense or extensive interpersonal interaction," and "[h]andling complaints or dissatisfied customers." (*Id.* 198, 221). While the RFC limits Ms. Cook to only "occasional contact with the public, co-workers and supervisors," none of the additional limitations offered by Dr. Cottone or Dr. Watson were included in the RFC, and the ALJ did not explain why she did not include them after she explicitly acknowledged both opinions were consistent with the record and persuasive. (*Id.* 34-35, 38). Because the ALJ did not explain how any material inconsistencies or ambiguities in the evidence were considered and resolved, the Court cannot determine whether the RFC correctly incorporated all of Ms. Cook's limitations. *See Masden*, 2021 WL 3172934, at *2; *see also Lucus*, 960 F.3d at 1070. Accordingly, remand is necessary.

Next, Dr. Watson opined that Ms. Cook "is capable of adapting to changes which are predictable and introduced gradually." (AR 246). The RFC limited Ms. Cook to "occasional work place changes," but the ALJ failed to include this limitation in the RFC or provide an explanation about why she disregarded it even though she found Dr. Watson's opinion persuasive. (*Id.* 34-36, 38). This was error. *See Masden*, 2012 WL 3172934, at *2 (finding it was error for the ALJ to find a doctor's opinion persuasive but not explain the exclusion of the doctor's opinion that the claimant was limited to "gradual and predictable" workplace changes). This error was not harmless because

this limitation had a potentially significant impact on the case's outcome. *See* SSR 85–15, 1985 WL 56857, at *4 (S.S.A. Jan. 1, 1985) ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) . . . to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base."). This, too, requires remand to resolve the apparent unresolved conflict.

The ALJ then failed to include a reasoning level one limitation, which was supported by Dr. Watson's opinion that Ms. Cook could carry out "two-step commands" but would "struggle with detailed or complex instructions." (AR 245, 267). Again, this constitutes error. *See Masden*, 2012 WL 3172934, at *2. Had the ALJ included such limitation, two of the three jobs the ALJ found Ms. Cook could perform—production assembler and packing header—would be excluded because they require a reasoning level of two, which involves carrying out "detailed but uninvolved instructions." (AR147-49); *see* U.S. Dep't of Labor, Dictionary of Occupational Titles (4th ed. 1991), §§ 706.687-010, 920.687-010. Further, this error was not harmless because after removing those two positions, there remains only one position that Ms. Cook could perform: blade balancer. A vocational expert testified that 8,000 blade balancer jobs existed in the national economy. (AR 147-49). Although the record is devoid of testimony regarding how many blade balancer jobs exist in the Missouri economy, 8,000 jobs in the national economy means an average of 160 jobs per state, which is less than the 200 jobs the Eighth Circuit has found to be a significant number of in-state jobs. *See Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997); *see also Dudrey v. Kijakazi*, No. 20-CV-0079-KEM, 2022 WL 965306, at *9 (N.D. Iowa Mar. 30, 2022) ("I would be hesitant to find that 8,000 jobs in the national economy constitutes a significant number on harmless-error review."). In light of this, the Court cannot determine whether the ALJ would have

still found that Ms. Cook could perform a significant number of jobs in the national economy and conclude that she was not disabled. Therefore, the error was not harmless, and remand is warranted.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Ms. Cook was not disabled is not supported by substantial evidence in the record as a whole. The decision is reversed and remanded for further consideration and development of the record.[2] Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is reversed and remanded for further consideration and development of the record, as set forth herein.

Dated this 9th day of September 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge

---

[2] If the Commissioner's decision is reversed, the case should ordinarily be remanded for further proceedings "out of our abundant deference to the ALJ." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (citation and quotation marks omitted). An immediate finding of disability is warranted only "if the record overwhelmingly supports such a finding." *Id.* (citation and quotation marks omitted).